UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

TODD ADAM RIGNEY,  )
    Petitioner, )
 )
v. ) No. 2:14-CR-12
 ) No. 2:16-CV-224
 )
UNITED STATES OF AMERICA, )
    Respondent. )

MEMORANDUM OPINION

This matter is before the Court on the "Motion To Vacate, Set Aside, Or Correct Sentence Pursuant to Title 28 United States Code Section 2255(f)(3)," [Doc. 34],[1] filed by Todd Adam Rigney ("Rigney" or "petitioner") on June 27, 2016. The United States has responded in opposition, [Doc. 38], and petitioner did not reply within the thirty (30) day response period. The matter is now ripe for disposition. The Court has determined that the files and records in the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the reasons which follow, the petitioner's § 2255 motion lacks merit, and the motion will be **DENIED**.

I.     **Procedural and Factual Background**

An indictment was filed on January 14, 2014, [Doc. 1], charging Rigney with distribution and receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). On May 1, 2014, the United States filed a Plea Agreement signed by the petitioner, [Doc. 22], and the Court

---

[1] All references are to docket entries in case No. 2:14-CR-12 unless otherwise indicated.

held a Change of Please Hearing on May 19, 2014. The petitioner pled guilty to Count One of the indictment: distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). A sentencing hearing was held on September 8, 2014, and Rigney was sentenced to 200 months of imprisonment with a life term of supervised release, pursuant to his Rule 11(c)(1)(C) plea agreement. [Doc. 31]. Judgment was entered on September 16, 2014, [Doc. 31], and was returned executed on November 12, 2014, [Doc. 33]. Petitioner did not appeal.

## II. Standard of Review

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a

substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

A one-year statute of limitations applies to § 2255 motions, which begins to run on the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of Constitution or laws of the United States is removed …;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f)(1)-(4). A judgment of conviction becomes final at the conclusion of direct review, or when the time to appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). Rule

4(b)(1)(A) of the Federal Rules of Appellate Procedure requires that notice of appeal in a criminal case should be filed within 14 days of the entry of the judgment.

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland* 466 U.S. at 687. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F. 2d 1073, 1081 (3rd Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the

4

circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697.

### III. Analysis and Discussion

Before addressing the substance of the petitioner's motion, this Court must first consider whether it is timely. Petitioner's judgment was entered on September 16, 2014, and was returned executed on November 12, 2014 by delivery of petitioner to the Bureau of Prisons ("BOP"), [Docs. 31, 33]. Petitioner did not file a direct appeal in this case, so his judgment became final 14 days after the judgment was entered. His motion to vacate pursuant to § 2255 was not filed until June

27, 2016, almost two years after his judgment became final in his criminal case. Petitioner's motion to vacate is untimely.

Further, the petitioner explicitly waived the right to file a § 2255 motion, except for claims of ineffective assistance of counsel (or prosecutorial misconduct) not known to him by the time of the entry of judgment. [Doc. 22, ¶ 9(b)]. Counsel's failure to object to the application of USSG § 2G2.2 at sentencing would have been known to petitioner before the entry of judgment. A defendant may waive any right, even a constitutional right, if he does so knowingly and voluntarily, and that a waiver provision in a plea agreement is enforceable. *See United States v. Fleming*, 239 F.3d 761, 263-64 (6th Cir. 2001); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995). "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450-52 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Here, because petitioner knowingly and voluntarily waived his right to file a § 2255 motion with few exceptions, and this his instant claim does not fall within one of those exception, then his claim is barred by the waiver provision of his plea agreement. Nonetheless, the Court will address the merits.

Petitioner raises two claims for relief in his § 2255 motion, which he states as follows:

(1) Whether his conviction is unconstitutional because petitioner did not receive effective assistance of counsel as guaranteed by the Constitution of the United States;

(2) Whether the district court erroneously misapplied USSG §2G2.2 and sentenced petitioner to a substantively unreasonable sentence.

### A. Ground One: Ineffective Assistance of Counsel

Petitioner argues that he received ineffective assistance of counsel during his sentencing when his attorney "did not challenge the procedural and substantive reasonableness of the sentence

imposed," [Doc. 34]. He argues that his attorney's failure to challenge the application of United States Sentencing Guidelines ("USSG") § 2G2.2 resulted in prejudice to the petitioner, and that, except for his attorney's "unprofessional errors and omissions," the results of his case would have been different. Petitioner attempts to satisfy the first prong of the *Strickland* test by arguing that counsel's failure to object to the application of § 2G2.2 was unreasonable.[2]

The United States Sentencing Guidelines § 2G2.2 applies to crimes involving the trafficking, receiving, transporting, shipping, soliciting, advertising, and possession of material involving the sexual exploitation of a minor. According to USSG § 2G2.2 (a)(2), the base level for the petitioner's conviction of distribution of child pornography under 18 U.S.C. § 2252A(a)(2) is 22. The section also lists several "specific offense characteristics," which increase or decrease the base offense level by various levels depending on their application to the offense. The following specific offense characteristics were applied to the petitioner's offense level:

> (2) If the material involved a prepubescent minor or a minor who had not attained the age of 12 years, increase by **2** levels.
>
> (3)(B) If the offense involved … [d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, increase by **5** levels.
>
> (4) If the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase by **4** levels.
>
> (6) If the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material, increase by **2** levels.
>
> (7)(D) If the offense involved 600 or more images, increase by **5** levels

---

[2] Petitioner does not attempt to further develop his claim that USSG § 2G2.2 was misapplied in his case. He does not successfully challenge the case offense level applied nor does he specifically take issue with any of the enhancements which increased his base offense level. At best he argues that § 2G2.2 "is seriously flawed and entitled to little respect." [Doc. 34 at 3]. Issues presented in such a "perfunctory manner, unaccompanied by some effort at developed argumentation," are deemed waived. *United States v. Layne*, 192 F.3d 556, 566-67 (6th Cir. 1999).

USSG § 2G2.2 (b)(1), (2), (3)(B), (4), (6), and (7)(D). [*See* Doc. 25, ¶¶ 27-32]. The Presentence Investigation Report ("PSR") provides facts to support the base offense level, and for each specific offense characteristic that justify its imposition, [Doc. 25]. Petitioner did not object to the PSR.

Based on the offense conduct listed in the petitioner's PSR, which states the facts of the offense to which the petitioner pled guilty, counsel had no legitimate basis to object to the application of § 2G2.2. The facts in the PSR are undisputed: the petitioner did not object to them during sentencing, and in fact does not dispute their truthfulness now. These facts provide more than an adequate basis for each specific offense characteristic in USSG § 2G2.2 (b) listed above and applied to the petitioner's base offense level. The only reason that the petitioner provides for why counsel should have objected to the application of § 2G2.2 is that these enhancements are unreasonably harsh. Petitioner's dislike for the underlying goals or punitive nature of the Guidelines hardly provides an adequate basis on which an attorney must pose an objection to be considered effective under *Strickland*. Counsel cannot be criticized for failing to raise an issue that lacks merit. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

As for the second prong in the *Strickland* test, petitioner argues that, had counsel properly objected, the result would have been different. The defendant is not explicit about what the difference in outcome would have been, but implies that his sentence would have been lower. This claim is also without merit.

Petitioner's PSR includes the following language:

**Guideline Provisions:** Based upon a total offense level of 37 and criminal history category of V, the guideline imprisonment range is 324 months to 405 months. However, the statutorily authorized maximum sentence of 20 years is less than the minimum of the applicable guideline range; therefore, the guideline term of imprisonment is 240 months. USSG § 5G1.1 (a).

**Impact of Plea Agreement**

> There is a plea agreement in this case, pursuant to Rule 11(c)(1)(C). If the Court adopts the terms of the Plea Agreement, the sentence would be 200 months imprisonment as to Count One. These calculations differ from those prepared by the probation officer. If the Court determines there are no valid grounds for a departure or sentence outside of the guidelines, and adopts the probation officer's guideline calculation, the Court may need to consider giving the defendant an opportunity to withdraw from the guilty plea.

Doc. 25, ¶¶ 78-79. It is clear that the petitioner was sentenced pursuant to the Court's acceptance of his plea agreement with the government, which provided him a much more lenient sentence than the appropriate guidelines range suggested. Regardless of the application of § 2G2.2, the petitioner's sentence was not determined by those calculations. The petitioner does not raise an argument as to the validity of his plea agreement. Counsel thus had no reasonable motive for objecting to Guidelines, and, even if he had, it would not have impacted the outcome of the case. Petitioner's claim of ineffective assistance of counsel is meritless.

### B. Ground Two: Misapplication of USSG § 2G2.2

Petitioner, in Ground Two, claims that the Court erroneously misapplied § 2G2.2, resulting in a "substantively unreasonable" sentence. He does not explain how the guidelines were misapplied, nor does he provide an explanation as to why he considers his sentence unreasonable. However, for the same reasons stated above, the petitioner cannot succeed on his claim. The facts in the PSR provide every indication that the guidelines were correctly applied to the petitioner's offense conduct, and he does not dispute the underlying facts on which the calculation was based. More importantly, the petitioner was not sentenced pursuant to the calculation that the probation officer proposed in the PSR under § 2G2.2, but instead agreed to a 200 month sentence in his plea agreement with the government.

## IV. Conclusion

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** and his motion **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*.

A certificate of appealability should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473 (2000). Having examined each of petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of his claims was debatable or wrong. Therefore, the Court will **DENY** a certificate of appealability.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE